UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H.W., et al.,<br><br>                        Plaintiffs,<br><br>            -against-<br><br>NEW YORK CITY DEPARTMENT OF<br>EDUCATION,<br><br>                        Defendant. | No 1:21-cv-08604 (JLR)<br><br>**<u>OPINION AND ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff H.W. brings this action on behalf of her son, M.W., a minor with disabilities, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415.  *See generally* ECF No. 1 ("Complaint" or "Compl.").  Plaintiffs seek to recover attorneys' fees they incurred during their successful effort to secure an appropriate education placement for M.W., including a contested administrative proceeding before an Impartial Hearing Officer ("IHO").  *Id.*  Now before the Court is Plaintiffs' motion for summary judgment, seeking the following from Defendant New York City Department of Education ("DOE"): (1) $42,527.50 in attorneys' fees for the Cuddy Law Firm ("CLF"), of which $24,002.50 is attributable to the administrative proceedings and $18,525.00 is attributable to this fee action; and (2) $402 in costs.  ECF No. 27 ("Br.") at 1; ECF No. 49 ("Cuddy Reply Decl.").  The DOE opposes the motion in part, arguing that the rates and hours requested by Plaintiffs are unreasonable and excessive.

For the reasons set forth below, the motion is GRANTED in part, subject to the modifications described herein.

## BACKGROUND

The following facts are undisputed.[1]  Plaintiffs H.W. and M.W., a parent and child respectively, reside in the County of Bronx in the State of New York.  56.1 Counter ¶¶ 1, 3. M.W. is a child with a disability, as defined under the IDEA.  *Id.* ¶ 2.  The DOE's committee on special education classified M.W. as a student with autism.  *Id.* ¶ 5.

On July 10, 2020, Plaintiffs filed a due process complaint to the DOE requesting a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).  *Id.* ¶ 6.  The complaint requested a finding that the DOE failed to provide M.W. with a free appropriate public education ("FAPE") during the 2020-2021 school year.  *Id.* ¶ 8.  The complaint also invoked Plaintiffs' pendency rights to ensure M.W. was educated at Gersh Academy, a New York State private school, for the duration of the proceeding.  *Id.* ¶ 9.  Plaintiffs also requested reimbursement or direct payment for tuition

---

[1] Plaintiffs submitted the following papers in support of their motion (ECF No. 20 or "Mot."); Declaration of Adrienne Arkontaky with exhibits (ECF No. 21 or "Arkontaky Decl."); Declaration of Benjamin M. Kopp with exhibits (ECF No. 22 or "Kopp Decl."); Declaration of Andrew Cuddy with exhibits (ECF No. 23 or "Cuddy Decl."); Declaration of Kevin Mendillo with exhibits (ECF No. 24 or "Mendillo Decl."); Declaration of Gina DeCrescenzo (ECF No. 25 or "DeCrescenzo Decl."); Declaration of Jennifer Ratcliff (ECF No. 26 or "Ratcliff Decl."); Plaintiffs' Memorandum of Law in Support of their Motion for Summary Judgment for Attorneys' Fees and Associated Costs (ECF No. 27 or "Br."); and a Rule 56.1 Statement (ECF No. 28 or "56.1 Statement").

The DOE submitted the following papers in opposition to Plaintiffs' motion: Declaration of Martin Bowe with exhibits (ECF No. 44 or "Bowe Decl."); Declaration of Jeffrey Cassuto (ECF No. 45 or "Cassuto Decl."); Declaration of Emily Goldman (ECF No. 46 or "Goldman Decl."); Declaration of W. Simone Nicholson (ECF No. 47 or "Nicholson Decl."); Defendant's Memorandum of Law in Opposition (ECF No. 48 or "Opp."); and Rule 56.1 Counterstatement (ECF No. 58 or "56.1 Counter").  DOE also submitted an additional supplemental letter on August 7, 2023.  ECF No. 59.

Plaintiffs submitted the following papers in reply to the opposition: Plaintiffs' Memorandum of Law in Reply to Defendant's Opposition (ECF No. 50 or "Reply"); and Reply Declaration of Andrew Cuddy (ECF No. 49 or "Cuddy Reply Decl.").

and expenses related to M.W.'s attendance at the Gersh Academy during the 2020-2021 school year. *Id.* ¶ 10.

The DOE appointed Virginia Tillyard as an IHO, and she held a pendency hearing on January 13, 2021. *Id.* ¶¶ 11-12.  On January 18, 2021, the IHO issued a pendency order directing Defendant to pay for M.W.'s education at Gersh Academy throughout the duration of the administrative proceeding. *Id.* ¶ 13.

The IHO held a hearing on the merits of the complaint on January 26, 2021. *Id.* ¶ 14.  At the hearing, Plaintiffs submitted 21 documentary exhibits and presented testimony from two witnesses. *Id.* ¶¶ 15-16.  The DOE did not defend the appropriateness of its program during the 2020-2021 school year. *Id.* ¶ 17.  However, the DOE challenged H.W.'s unilateral placement of M.W. at Gersh Academy in addition to other equitable issues. *Id.*  After the hearing on February 5, 2021, Plaintiffs submitted a five-page closing brief and memorandum to support their case. *Id.* ¶ 18.

On February 19, 2021, the IHO issued findings of fact and a decision. *Id.* ¶ 19.  The IHO held that the DOE failed to provide M.W. with a FAPE. *Id.*  Further, she found that the educational program M.W. received at Gersh Academy was appropriate, and there were no equitable considerations meriting a rejection of the tuition payment. *Id.*  Accordingly, the IHO ordered the DOE to pay Gersh Academy $87,000 for M.W.'s tuition for the 2020-2021 school year. *Id.*  The IHO also ordered the DOE to pay for the costs of transporting M.W. to and from the Gersh Academy during the school year. *Id.*

On July 29, 2021, Plaintiffs submitted an invoice for attorneys' fees to the DOE's Office of Legal Services. *Id.* ¶ 20.  The parties were unable to resolve the claim for attorneys' fees. *Id.* ¶ 21.

## LEGAL STANDARD

### I.     Summary Judgment

Under Federal Rule of Civil Procedure 56, a moving party is entitled to summary judgment if, on any claim or defense, that party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "genuine" dispute is one in which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" only if it "might affect the outcome of the suit under the governing law."  *Id.* Thus, "the substantive law will identify which facts are material."  *Id.*

At summary judgment, the court's task is simply to "discern[] whether there are any genuine issues of material fact to be tried, not to decid[e] them."  *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Therefore, "[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment."  *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997).  The Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Est. of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016) (quoting *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)).  "Affidavits submitted in support of or in opposition to the summary judgment motion must 'be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.'"  *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) (internal citation omitted); *see also* Fed. R. Civ. P. 56(c)(4).

## II.    IDEA Attorneys' Fees

The IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living[.]"  20 U.S.C. § 1400(d)(1)(a).  The statute therefore provides a basis for parents to bring complaints regarding the DOE's failure to provide "a free appropriate public education," and to have an "impartial due process hearing" at which they may seek relief from the local educational agency.  20 U.S.C. § 1415(f); *see also R.P. v. N.Y.C. Dep't of Educ.*, No. 21-cv-04054 (JMF), 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022).

In an action brought pursuant to the IDEA, the "prevailing party" at the hearing may be awarded reasonable attorneys' fees by the court.  20 U.S.C. § 1415(i)(3)(B)(i); *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-cv-06851 (VEC), 2019 WL 4735050, at *1 (S.D.N.Y. Sept. 26, 2019).  A prevailing party under the IDEA has achieved  "some material alteration of the legal relationship of the parties" that is "judicially sanctioned."  *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 67 (2d Cir. 2005) (internal quotation marks and citations omitted).  "The Second Circuit has held that a party who receives agency-ordered relief on the merits of their claim is a 'prevailing party' for the purposes of IDEA."  *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-cv-07632 (PAE), 2018 WL 3769972, at *3 (S.D.N.Y. Aug. 9, 2018).  A party does not need to win on all of its claims to be considered a "prevailing party"; it is sufficient to "succeed on a significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *K.L. v. Warwick Valley Cent. Sch. Dist.*, No. 12-cv-06313 (DLC), 2013 WL 4766339, at *5 (S.D.N.Y. Sept. 5, 2013) (internal quotation marks and citation omitted), *aff'd*, 584 F. App'x 17 (2d Cir. 2014).

"In considering a claim for attorney's fees under a federal fee-shifting statute, a district court must . . . first determine whether the party seeking the award is in fact a prevailing party." *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006). "If the party is a prevailing party, the court must then determine whether, under the appropriate standard, that party should be awarded attorney's fees." *Id*. An award to a prevailing party "may cover work performed in connection with the hearing, before the district court, and on appeal from the district court." *R.P.*, 2022 WL 1239860, at *2 (collecting cases). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Attorneys' fees awarded must be "reasonable" and "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C); *see also A.R. ex rel. R.V.*, 407 F.3d at 79. Reasonable attorneys' fees under the IDEA are calculated using the "lodestar" method. *H.C. v. New York City Dep't of Educ.*, 71 F.4th 120, 126 (2d Cir. 2023*)*. Under this method, a court must "determin[e] a presumptively reasonable fee, [which is] reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011). In evaluating the number of hours expended, the court may "exclude hours that are 'excessive, redundant, or otherwise unnecessary.'" *H.C.*, 71 F.4th at 126 (quoting *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022)). The court also has discretion to "deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* (quoting *Raja*, 43 F.4th at 87).

## DISCUSSION

The DOE does not dispute that Plaintiffs are the prevailing parties here and entitled to attorneys' fees. Opp. at 4-5. The question for the Court is whether the requested fees are reasonable.

Plaintiffs seek the following rates and hours billed for their attorneys and paralegals:[2]

| Administrative Proceeding: Attorneys' Requested Fees & Hours | | | |
|---|---|---|---|
| Timekeeper | Requested Rate | Hours Billed | Total |
| Andrew Cuddy | $555 | 2.80 | $1,540.00 |
| Kevin Mendillo | $450 | 38.60 | $17,370.00 |
| Britton Bouchard | $375 | 7.10 | $2,662.50 |
| **Total** | | **48.50** | **$21,572.50** |

| Administrative Proceeding: Paralegals' Requested Fees & Hours | | | |
|---|---|---|---|
| Timekeeper | Requested Rate | Hours Billed | Total |
| Allyson Green | $225 | 6.40 | $1,440.00 |
| Cailin O'Donnell | $225 | 1.30 | $292.50 |
| Shobna Cuddy | $225 | 3.10 | $697.50 |
| **Total** | | **10.80** | **$2,430.00** |

---

[2] The information in the following charts is taken from the parties' briefs and the Cuddy Declaration, as well as the bills attached to that Declaration. *See* Br. 18-21; Cuddy Decl.; ECF No. 23-1 ("Cuddy Admin. Bill"); ECF No. 23-2 ("Cuddy Fed. Bill"); ECF No. 49 ("Cuddy Reply Decl.").

Plaintiffs' total requested fees for the Cuddy Law Firm ($42,929.50, *see* Cuddy Reply Decl. at 3) is the fees from the administrative proceeding ($24,002.50), the fees for federal fees action ($18,525.00), and costs ($402). *See* Cuddy Decl. ¶ 52; Cuddy Admin. Bill at 1; Cuddy Fed. Bill at 1; Cuddy Reply Decl. at 2-3; ECF No. 49-1 ("Cuddy Fed. Bill 2").

Andrew Cuddy "no-charged," or discretionarily reduced, certain billing entries. Mr. Cuddy represents that he "no-charged" 9.5 hours equating to $3,367.50. Cuddy Decl. ¶¶ 8-9; *see also* Cuddy Admin. Bill at 1 (listing discretionary reduction of 8.60 hours or $2,902.50 for administrative proceeding); Cuddy Fed. Bill at 1 (listing discretionary reduction of 0.9 hours or $465.00 for federal proceeding); Cuddy Fed. Bill 2 (same).

Unless otherwise indicated, all citations to bills refer to the ECF pagination.

| Federal Proceeding: Attorneys' Requested Fees & Hours | | | |
|---|---|---|---|
| **Timekeeper** | **Requested Rate** | **Hours Billed** | **Total** |
| Andrew Cuddy | $555 | 2.10 | $1,155.00 |
| Kevin Mendillo | $450 | 36.80 | $16,560.00 |
| **Total** | | **38.90** | **$17,715.00** |

| Federal Proceeding: Paralegals' Requested Fees & Hours | | | |
|---|---|---|---|
| **Timekeeper** | **Requested Rate** | **Hours Billed** | **Total** |
| Shobna Cuddy | $225 | 3.10 | $697.50 |
| ChinaAnn Reeve | $225 | 0.50 | $112.50 |
| **Total** | | **3.60** | **$810.00** |

The Court will review the rates first and then the hours expended to assess the reasonableness of the requested fees.

## I.      Reasonable Hourly Rate

### A.      Applicable Law

A reasonable rate, pursuant to the IDEA, is "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of the services furnished." 20 U.S.C. § 1415(i)(3)(C). A district court has "considerable discretion" in determining a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008); *see also R.P.*, 2022 WL 1239860, at *3. This analysis is case-specific, and courts consider a variety of factors in assessing the reasonableness of a rate, including what are known as the *Johnson* factors. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190 ("[T]he district court, in exercising its considerable discretion, [ought] to bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate."); *see generally Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal

> service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 186 n.3).  Courts "need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *C.D.*, 2018 WL 3769972, at *4.  Because a reasonable hourly rate is a "rate a client would be willing to pay," courts also should "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190.

"Courts have also taken 'judicial notice of the rates awarded in prior cases' paid out to attorneys of 'similar experience and skill.'" *C.B. v. New York City Dep't of Educ.*, No. 18-cv-07337 (CM), 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (quoting *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)).  The Court may take judicial notice of "past awards given to the same attorneys as counsel in the current case, particularly for firms active in IDEA-related matters like CLF [Cuddy Law Firm]." *Id.*

## B.    Relevant Community and Practice Area

Because a reasonable fee is based on the "community in which the action or proceeding arose," the court must identify the relevant community.  20 U.S.C. § 1415(i)(3)(C).  This is essential for the court to identify the "prevailing market rate" – that is, "the rate 'prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *A.G. v. N.Y.C. Dep't of Educ.*, No. 20-cv-7577 (LJL), 2021 WL 4896227, at *5

(S.D.N.Y. Oct. 19, 2021) (quoting *Farbotko*, 433 F.3d at 208).  Here, the parties dispute the

applicable community.  Plaintiffs argue that the Court should look to rates in the Southern

District of New York (*see* Reply at 5-6), while Defendant argues that the Court should apply

rates for the Northern District of New York, because the CLF is located in Albany (*see* Opp.

at 8-10).

Courts have found the relevant community to be the Southern District of New York,

where "both [the] litigation and the underlying administrative proceedings are centered" in this

district.  *C.D.*, 2018 WL 3769972, at *6; *see T.H. v. N.Y.C. Dep't of Educ.*, No. 21-cv-10962

(JMF) (JLC), 2022 WL 16945703, at *4 (S.D.N.Y. Nov. 15, 2022) ("The relevant community for

the purposes of determining a reasonable rate is the Southern District of New York, where both

this litigation and the underlying administrative proceeding are centered." (internal citation

omitted)).  In addition, courts have also considered "the locus of where the child was denied a

free and appropriate public education" in determining the "community in which the action or

proceeding arose."  *K.F. v. N.Y.C. Dep't of Educ.*, 10-cv-05465 (PKC), 2011 WL 3586142, at *2

(S.D.N.Y. Aug. 10, 2011); *see also A.R. ex rel. R.V.,* 407 F.3d at 80-82 (adopting no "crisp rule"

for determining the relevant community and concluding that the district court did not abuse

discretion in applying rates from Southern District of New York where students attended school

even though administrative hearings were held in both the Southern and Eastern Districts of New

York).

While the parties have not provided the Court with information about where the IHO

hearing was held, the federal action is taking place here.  *See C.A. v. N.Y.C. Dep't of Educ.*,

No. 20-cv-02101 (AMD) (VMS), 2022 WL 673762, at *4 (E.D.N.Y. Feb. 16, 2022) (finding that

because "the federal action was commenced in the Eastern District of New York, there is a

presumption that rates in [the Eastern District] should be applied"). Moreover, Plaintiff M.W., who was allegedly denied a FAPE, resides in the Bronx, which is in the Southern District of New York. *See* 56.1 Counter ¶ 1. The DOE does not assert that any action or proceeding arose in the Northern District of New York, or that ties to the Northern District predominate this case. The Court is not persuaded by the DOE's argument that Northern District of New York rates should apply solely because the CLF's main office is located in Albany. Even when an attorney is based in another district, courts have awarded "a higher rate when practicing in this district than the rate . . . [an attorney] ordinarily receives in the community in which he or she usually practices." *J.P. v. N.Y.C. Dep't of Educ.*, No. 21-cv-10961 (PAE), 2023 WL 2447264, at *6 (S.D.N.Y. Mar. 10, 2023) (rejecting DOE's argument that Northern District of New York rates should apply to Cuddy Law Firm); *M.Z. v. N.Y.C. Dep't of Educ.*, No. 21-cv-09451 (AT), 2023 WL 2499964, at *4 n.3 (S.D.N.Y. March 14, 2023) (same), *remanded on other grounds*, No. 23-632, 2023 WL 4551115, at *1 (2d Cir. June 21, 2023).

Therefore, the relevant community is the Southern District of New York, and "[t]he relevant practice area is special education law, including IDEA litigation." *C.D.*, 2018 WL 3769972, at *6.

### C. Rate Analysis

With the community defined, the Court next considers the *Johnson* factors, and Plaintiffs' arguments justifying their fees in light of those factors. The Court has considered all of the *Johnson* factors.

Plaintiffs contend that their successful result in this litigation weighs in favor of their requested fees. Br. at 10-11. The proceedings here involved a one day proceeding, resulting in a complete victory for Plaintiffs. *See* 56.1 Counter ¶ 19; *V.W. v. N.Y.C. Dep't of Educ.*, No. 20-cv-02376 (RA), 2022 WL 37052, at *4 (S.D.N.Y. Jan. 4, 2022) (noting high degree of success

weighs in favor of higher rate).  While the degree of success is generally the "most critical factor in determining the reasonableness of a fee award," it alone is not dispositive.  *R.P.*, 2022 WL 1239860, at *3.  Nevertheless, the Court notes that this factor weighs in favor of awarding Plaintiffs the requested fees.

Next, Plaintiffs rely on affidavits from other attorneys in the community to support CLF's requested rates.  Br. at 11-14.  The Court finds the affidavits from other IDEA practitioners to have some, but limited, persuasive value.  Plaintiffs submitted two affidavits from lawyers who practice education law in the Southern District.  One affidavit states that the lawyer's firm charges "$600 per hour for [partner] work, between $400 and $600 per hour for the work of its 'of counsel' attorneys, and $ 140 per hour for the work of its paralegal."  Decrescenzo Decl. ¶¶ 1, 5.  A second attorney states that she charges $400 an hour as a partner, her associates charge $300 an hour, and her paralegals charge between $100-$200 per hour.  Ratcliff Decl. ¶¶ 4-5, 17-18, 21-22.

In assessing the reasonableness of rates, courts may consider affidavits that provide support for customary rates in the community.  *See, e.g.*, *D.B. on behalf of S.B. v. N.Y.C. Dep't of Educ.*, No. 18-cv-07898 (AT) (KHP), 2019 WL 6831506, at *4 (S.D.N.Y. Apr. 22, 2019) ("It is appropriate for the Court to take into account these current rates paid to IDEA practitioners in this district by paying clients."), *report and recommendation adopted*, No. 18-cv-07898 (AT) (KHP), 2019 WL 4565128 (S.D.N.Y. Sept. 20, 2019); *M.K. v. Arlington Cent. Sch. Dist.*, No. 16-cv-05751 (NSR), 2019 WL 92004, at *4 (S.D.N.Y. Jan. 3, 2019) (considering affidavits of other IDEA attorneys as to attorneys' rates and reputation).  However, "[c]ourts in this District have determined that these types of affidavits are of limited value if they do not also provide the context necessary to properly apply the *Johnson* factors."  *H.C. v. N.Y.C. Dep't of Educ.*, No. 20-

cv-00844 (JLC), 2021 WL 2471195, at *4 n.5 (S.D.N.Y. June 17, 2021) (collecting cases); *M.H. v. N.Y.C. Dep't of Educ.*, 20-cv-01923 (LJL), 2021 WL 4804031, at *11 (S.D.N.Y. Oct. 13, 2021) (finding that attorney declarations are "of some, albeit limited, value" because they "at most show the rates that one attorney believes are reasonable"). In this case, the two declarations do not provide sufficient details or context to apply the *Johnson* factors and show very different rates; but, the Court will afford the declarations "some weight to the extent they bolster other inferences related to the requested rates[.]" *See S.K. v. N.Y.C. Dep't of Educ.*, No. 21-cv-07291 (JLR), 2023 WL 2456693, at *6 n.8 (S.D.N.Y. Mar. 10, 2023).

Plaintiffs next argue that the Court should look to the rates that the DOE paid to outside counsel who were hired to handle IDEA attorney fee claims. Br. at 14-16. According to the DOE's agreements with outside counsel, the DOE paid partners a rate of $400, associates the rate of $300, and paralegals a rate of $100. Cuddy Decl., ECF No. 23-4. The Court does not find these agreements particularly helpful since this DOE engagement arose out of a different context: the City's need to hire emergency counsel to handle federal fee litigations on behalf of the DOE due to COVID-19 related staffing issues. *See* Opp. at 14 n.7; *see K.E. v. New York City Dep't of Educ.*, No. 21-cv-02815 (KPF), 2022 WL 4448655, at *13 (S.D.N.Y. Sept. 23, 2022) (affording only limited probative value to the DOE's outside counsel emergency retention agreement because outside counsel did not provide representation in administrative proceedings), *remanded on other grounds*, No. 22-2454, 2023 WL 2754656, at *1 (2d Cir. Jan. 31, 2023). In addition, "[p]revailing rates for defense work may be quite different, in the legal marketplace, from prevailing rates for plaintiffs' work in the same field." *L.M. v. N.Y.C. Dep't of Educ.*, No. 21-cv-11175 (AT) (BCM), 2023 WL 2872707, at *7 n.4 (S.D.N.Y. Feb. 14, 2023). In any event,

the amounts reflected in the DOE's outside counsel agreement are similar to those that the Court awards here.  *See infra* at Discussion §§ C(1)-(3).

Plaintiffs next ask the Court to consider a chart of IDEA fees awarded in the Southern District since 1998 with adjustments for inflation.  *See* Br. at 16-17; ECF No. 23-3.  The Court does not find counsel's chart showing fee awards across nearly three decades to be particularly persuasive.  While the Court is mindful of the need to adjust rates over time to account for additional accrued experience and inflation, *see V.W.*, 2022 WL 37052, at *4 (it is an "obvious proposition that billing rates continue to increase over time" (internal citation omitted)), these statistics lack any background and are impossible to contextualize in light of the *Johnson* factors. The Court also takes seriously its obligation not to simply "[r]ecycl[e] rates" from earlier cases "without considering whether they continue to prevail" and therefore a case-specific approach must be undertaken here.  *M.H.*, 2021 WL 4804031, at *12 (quoting *Farbotko*, 433 F. 3d at 209).

Plaintiffs also contend that the Court should consider what CLF's clients are willing to pay, relying on CLF's retainer agreements to illustrate their rates.  Br. at 17-18.  CLF admits that "the firm does an extensive outreach to underserved clients of limited means in which we rely on the fee-shifting provision of the IDEA[.]"  Arkontaky Decl. ¶ 16.  Therefore, the retainer agreements are for a limited set of fee-paying clients.  *See id.*  Moreover, the majority of the agreements submitted do not cover IHO proceedings.  *See generally*, ECF Nos. 21-2–21-3; 21-5–21-10.  The two agreements that do cover IHO proceedings do not address "the novelty and difficulty of the questions raised, the level of skill required, and relevant time limitations imposed by the client, or the results obtained in those cases."  *V.W. v. N.Y.C. Dep't of Educ.*, No. 21-cv-06495 (PGG) (KHP), 2023 WL 2609358, at *8 (S.D.N.Y. Mar. 23, 2023) (internal

quotation marks omitted). Therefore, the Court finds these retainer agreements only minimally persuasive.

Plaintiffs next rely on data that their counsel obtained using a FOIL request, showing the hourly rates that were claimed by various firms and practitioners engaged in IDEA litigation with the DOE. Kopp. Decl. ¶¶ 17-19; *see also* ECF Nos. 22-3; 22-6; 22-8; 22-10. Similarly, counsel reviewed PACER for IDEA fee decisions in this District and submitted summaries of the declarations of the attorneys practicing special education litigation who provided testimony of their rates. Kopp. Decl. ¶¶ 20-23. This information is not persuasive to the Court because while these documents "indicate rates paid to attorneys of varying experience" they "lack sufficient context to provide an adequate basis for the Court to make a finding about the proper hourly rate . . ." in this specific case. *N.A. v. New York City Dep't of Educ.*, No. 21-cv-02643 (PGG) (SLC), 2022 WL 17840273, at *6 (S.D.N.Y. Aug. 15, 2022) (internal citation and quotation marks omitted), *report and recommendation adopted*, No, 21-cv-02643 (PGG) (SLC), 2022 WL 17581774 (S.D.N.Y. Dec. 12, 2022). Most importantly, this information does "not reflect what the Court actually awarded [to counsel in those cases,] and Plaintiff[s] do[ ] not indicate whether the rates reflected in the declarations are those that the client paid or would pay the attorney in question." *M.H.*, 2021 WL 4804031, at *11.

Finally, under the *Johnson* factors, the Court considers that this case did not present any particularly novel issues and was seemingly very straightforward. *See* Opp. at 10-12. The hearing in question was one day and involved just over twenty exhibits and two witnesses. 56.1 Counter ¶¶ 15-16. The DOE did not present witnesses or exhibits. *Id.* ¶ 17. Plaintiffs have not produced any evidence that "relative to a typical single-plaintiff IDEA case, this case presented novel or complex legal or factual issues." *H.A. v. N.Y.C. Dep't of Educ.*, No. 20-cv-10785

(PAE), 2022 WL 580772, at *5 (S.D.N.Y. Feb. 25, 2022); *see J.P.*, 2023 WL 2447264, at *5

(finding IDEA administrative proceeding "did not present complex legal or factual issues").

    With this overview in mind, the Court turns to the individual timekeepers.

### 1.  Attorney Andrew Cuddy

    The Court begins with the senior attorney on this case.  As of at least 2018, "[c]ourts in

this District generally have awarded between $300 and $475 per hour to senior or experienced

attorneys in IDEA cases, landing on the higher end of the range based on greater experience and

complexity of the matter."  *D.B. on behalf of S.B.*, 2019 WL 6831506, at *4; *see also D.B.*, 2019

WL 4565128, at *2 (awarding rate of $450 per hour in light of attorneys' experience and nature

of proceedings); *see J.R. v. N.Y.C. Dep't of Educ.*, No. 19-cv-11783 (RA), 2021 WL 3406370,

at *3 (S.D.N.Y. Aug. 4, 2021) ("The prevailing market rate for experienced, special-education

attorneys in the New York area circa 2018 was between $350 and $475 per hour.").  A court may

consider the passage of time in justifying a higher reasonable rate.  *See N. L-C. v. N.Y.C. Dep't of*

*Educ.*, No. 20-cv-08243 (ER), 2022 WL 831820, at *2 (S.D.N.Y. Mar. 18, 2022) ("Judges in this

district have also recognized that the passage of time may justify somewhat higher rates for the

same type of work performed by the same senior attorneys.").  With these rates in mind, the

Court will consider the reasonableness of the requested rates in light of the *Johnson* factors and

its prior analysis.

    Mr. Cuddy graduated from law school in 1996 and has been practicing since then. Cuddy

Decl. ¶¶ 37-38.  His practice area is special education law, and he has litigated "hundreds of

special education due process hearings since 2001." *Id.* ¶ 41.  Mr. Cuddy is both an author and

speaker in the field of special education law. *Id.* ¶¶ 42-43.  Thus, he is an experienced attorney

in IDEA litigation.  However, Mr. Cuddy's requested rate of $550 exceeds the range of rates

generally awarded in IDEA cases, even accounting for an increase in rates over time.  *See, e.g.*,

*K.O. v. N.Y.C. Dep't of Educ.*, No. 20-cv-10277 (LJL), 2022 WL 1689760, at *9 (S.D.N.Y. May 26, 2022) (noting that a requested rate of $550 was at "the extreme high end" of rates in this district). Moreover, Mr. Cuddy billed only 2.8 hours on this case, and his role was limited to reviewing case materials, providing support to lead counsel, and administration. Cuddy Admin. Bill at 5, 12-16; Cuddy Fed. Bill at 2, 3, 5, and 7. While Mr. Cuddy assisted his client in obtaining a favorable outcome, his limited work was primarily supervisory, and this was a straightforward case. *Cf. L.M. v. N.Y.C. Dep't of Educ.*, 21-cv-11175 (AT) (BCM), 2023 WL 2872707, at *7 (S.D.N.Y. Feb. 14, 2023) (recommending $400 for Mr. Cuddy in a case where he billed 5 hours of largely supervisory work in a "contested and drawn out" administrative proceeding "taking place on five separate dates over a span of more than one year"), *report and recommendation adopted*, 21-cv-11175 (AT) (BCM), 2023 WL 2495917 (S.D.N.Y. Mar. 14, 2023); *M.D. v. New York Dep't of Educ.*, No. 20-cv-06060 (LGS), 2021 WL 3030053, at *3 (S.D.N.Y. July 16, 2021) (awarding Mr. Cuddy $375 an hour for an uncontested hearing that posed no "novel or difficult questions"), *rev'd in part on other grounds sub nom.*, *H.C.*, 71 F.4th 120 (2d Cir. 2023). Balancing the *Johnson* factors, the Court concludes that a reasonable hourly rate for Mr. Cuddy in this matter is $380.

### 2. Attorneys Kevin Mendillo and Britton Bouchard

Plaintiffs next request the following rates for the two other attorneys who worked on this case: $450 an hour for Mr. Mendillo, who was lead counsel on the case and had roughly ten years of experience when this motion was filed, and $375 an hour for Mr. Bouchard who had roughly two years of experience when this motion was filed. Cuddy Decl. ¶¶ 13, 14, 52.

Mr. Mendillo graduated from law school in 2010 and was a general civil litigator for two years before joining the CLF in 2014. Mendillo Decl. ¶¶ 3-4. He has represented clients in over one hundred impartial due process hearings. *Id.* While the Court acknowledges Mr. Mendillo's

expertise, as the Court previously found, this litigation was not particularly complex, and, after considering the *Johnson* factors, like other courts in this District, the Court finds that an award of $300 is appropriate. *See M.M. v. N.Y.C. Dep't of Educ.*, No. 20-cv-06915 (ER), 2022 WL 3043218, at *1, 9 (S.D.N.Y. Aug. 2, 2022) (awarding $300 an hour to Mr. Mendillo in a case with a two day hearing that ultimately took only one hour and eighteen minutes); *H.C.*, 2021 WL 2471195, at *5 (awarding $300 an hour to Mr. Mendillo for a case involving two short hearings before an IHO).

Turning to the final attorney, Britton Bouchon, courts in this District generally charge around $225 an hour for attorneys with three or fewer years of experience. *See, e.g.*, *R.P.*, 2022 WL 1239860, at *4 (collecting cases). Therefore, based on the *Johnson* factors and the lack of complexity in this case, the Court concludes that $225 an hour for Mr. Bouchon is reasonable. *See M.M.*, 2022 WL 3043218, at *9 (awarding Mr. Bouchard $225 in a non-complex case).

### 3. Paralegals Allyson Green, Cailin O'Donnell, Shobna Cuddy, and ChinaAnn Reeve

Plaintiffs next seek $225 an hour for the work performed by four paralegals. Br. at 21; Cuddy Decl. ¶ 47. Generally, in this District, paralegals receive rates of $100 to $125 an hour, and "with evidence of specialized qualifications typically receive $120- or $125-per-hour." *C.B.*, 2019 WL 3162177, at *9 (collecting cases); *see R.P.*, 2022 WL 1239860, at *4 (concluding $125 was a reasonable hourly rate for experienced paralegals). Evidence of special qualifications include "formal paralegal training, licenses, degrees, or certifications or longer paralegal experience." *C.B.*, 2019 WL 3162177, at *9 (internal quotations omitted). In light of the *Johnson* factors and this particular relatively straightforward case, $125 is a reasonable rate for Ms. Cuddy who has five years of paralegal experience. Cuddy Decl. ¶ 16. Plaintiffs have not presented any substantive information about the experience or qualifications of the other three

paralegals (one of whom was only a paralegal at CLF for less than a year) and accordingly their hourly rate will be set at $100 per hour.

## II.   Reasonably Expended Hours

Having determined the reasonable rates for each timekeeper, the Court next considers whether the hours expended were reasonable.  To make this determination, a court reviews "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done."  *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also R.P.*, 2022 WL 1239860, at *5.  A court must then "take[] account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'"  *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).  Because a "request for attorney's fees should not result in a second major litigation," *Hensley*, 461 U.S. at 437, nor should a trial court feel the need to "become [a] green-eyeshade accountant[]," *Fox v. Vice*, 563 U.S. 826, 838 (2011), a court does not need to "engage in a painstaking line-item review of each billing entry" when determining if a particular reduction in compensable hours is warranted, *R.P.*, 2022 WL 1239860, at *5.  Instead, "[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application . . . ." *McDonald v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotation marks and citation omitted).  The Court will address the reasonableness of the hours expended on the administrative proceeding and this federal action separately.

### A.  Administrative Proceeding

CLF attorneys billed 48.5 hours of work for the administrative proceeding.  *See* Cuddy Decl. ¶ 52.  Paralegals billed 10.8 hours.  *Id.*  The DOE argues that these hours were excessive and should be reduced by 30% for the administrative proceeding.  *See* Opp. at 4.  The DOE argues that the Court should reduce these hours because Plaintiffs routinely over-bill for their

19

matters, pointing to the amount of time billed for drafting a due process complaint and closing brief, CLF's practice of extensively billing in increments of 0.1 for work that requires far less time than 6 minutes, and excessively billing for administrative work. *Id.* at 20-23.  Because the Court agrees with the DOE that at least some of the hours billed in the administrative action in this matter were excessive, the Court concludes that a reduction of 15% is warranted.

Examining the billing for time spent on Plaintiffs' due process complaint shows that a reduction is warranted. *See* Opp. at 20.  In this case, CLF billed 11.4 hours to draft a straightforward nine-page Due Process Complaint.  Nicholson Decl. ¶ 8.  This is unreasonable, and supports a reduction. *See M.Z*, 2023 WL 2499964, at *6 (reducing billing by 20% when CLF billed 12.6 hour to prepare a six-page due process complaint).

CLF likewise overbilled when it charged 6.4 hours to draft a five-page closing brief, including spending 1.2 hours reviewing a transcript from a proceeding that occurred the previous day.  Opp. at 20; Nicholson Decl. ¶ 19.  The brief recites the student's history, drawing extensively on the due process complaint, and therefore should not have required as much time to complete. *See M.M.*, 2022 WL 3043218, at *9 (reducing fees across the board by 20% when a firm's closing brief "merely recite[d] the procedural history of the case and restate[d] facts already articulated in the earlier due process hearing request") (citations omitted).  The Court is also skeptical, like other courts, of awarding significant time to reviewing transcripts when a party attended the hearing in question, especially when that hearing took place the prior day. *See, e.g.*, *A.D. v. N.Y.C. Dep't of Educ.*, No. 18-cv-03347 (VEC), 2019 WL 1292432, at *7 (S.D.N.Y. Mar. 21, 2019) ("Because [the billing attorney] was present at each hearing, the Court will not order Defendant to compensate her for the 2.5 hours she asserts she spent reading the transcripts of those hearings.").

20

The Court is also concerned with CLF's extensive use of billing in increments of 0.1 (or 6 minutes) for relatively minor tasks. *See* Opp. at 21-22. For the administrative proceedings, CLF billed 0.1 for 28 separate tasks. *See* Cuddy Admin. Bill; Cuddy Fed. Bill. While CLF wrote off seven of those entries, *see* Cuddy Admin Bill at 1, many of the remaining time entries are for relatively straightforward tasks such as emailing the client with a simple update (*see, e.g.*, Cuddy Admin. Bill at 6, July 22, 2020, July 22, 2020, August 7, 2020, and August 17, 2020 entries). *See Hernandez v. Boucherie LLC*, No. 18-cv-07887 (VEC), 2019 WL 3765750, at *6 (S.D.N.Y. Aug. 8, 2019) (noting that billing 0.1 hours can contribute to excessive totals in circumstances "where the tasks individually appear likely to have occupied less than 0.10 hours" (internal citation omitted)).

The Court also agrees that CLF excessively billed for the administrative task of reviewing and editing its own billings statements. Opp. at 22-23. To review the administrative billing statements, Andrew Cuddy billed 1.2 hours and a paralegal billed 2.4 hours. Opp. at 22. These are unreasonable amounts. *See R.G.*, 2019 WL 4735050, at *4 ("DOE should not have to compensate [CLF] for administrative clean-up of their own [billing] entries").

Therefore, because the Court finds that the record reflects some excessive billing for the administrative proceeding, it will apply a 15% reduction. *See H.A.*, 2022 WL 580772, at *10 (reducing hours by 20% in light of over billing for hearing, drafting closing brief, and for billing 0.1 for simple tasks, among other reasons); *J.P.*, 2023 WL 2447264, at *10 (reducing hours by 20% given overbilling on hearing preparation, drafting due process complaint and closing brief, and for excessively billing 0.1 for "minor tasks").

Plaintiffs argue that the Court should not reduce Plaintiffs' fees, costs, and expenses because the DOE unreasonably protracted resolution of this matter. In support of this argument,

Plaintiffs assert that the DOE waited nearly six months to appoint an IHO and then failed to issue a due process response, as well as claimed that it would contest pendency but then failed to "present a good faith argument for its opposition of pendency." Br. at 6-8.

The Court finds that while DOE's actions may have created some delay here, there is not a sufficient basis to hold that the DOE *unreasonably* protracted resolution of this matter. Indeed, courts in this Circuit have denied similar claims with analogous facts. *See T.H.*, 2022 WL 16945703, at *6 (finding DOE did not unreasonably protract litigation when it did not assign an IHO for six months, did not hold a mandatory resolution session, and delayed in communicating to plaintiff it would not defend its position at the IHO hearing) (citation omitted); *D.P. v. N.Y.C. Dep't of Educ.*, No. 21-cv-00027 (KPF), 2022 WL 103536, at *12 (S.D.N.Y. Jan. 10, 2022) (finding no "unreasonable protraction" where DOE presented no defense at the IHO hearing).

Accordingly, with rates adjusted and hours reduced by 15%, the Court finds that reasonable fees for counsel in the administrative proceeding are:

| Administrative Proceeding: Attorneys' Adjusted Fees & Hours | | | |
|---|---|---|---|
| Timekeeper | Rate | Hours | Total |
| Andrew Cuddy | $380 | 2.38 | $904.40 |
| Kevin Mendillo | $300 | 32.81 | $9,843.00 |
| Britton Bouchard | $225 | 6.035 | $1,357.88 |
| **Total** | | **41.225** | **$12,105.28** |

| Administrative Proceeding: Paralegals' Adjusted Fees & Hours | | | |
|---|---|---|---|
| Timekeeper | Requested Rate | Hours Billed | Total |
| Allyson Green | $100 | 5.44 | $544.00 |
| Cailin O'Donnell | $100 | 1.105 | $110.50 |
| Shobna Cuddy | $125 | 2.635 | $592.88 |
| **Total** | | **9.18** | **$1,247.38** |

### B.    Federal Litigation

With respect the federal fees action, CLF attorneys billed 38.9 hours and paralegals billed 3.6 hours. *See* Cuddy Decl. ¶ 52; Cuddy Reply Decl. ¶ 4. The DOE argues that these hours were

excessive, and should be reduced wholesale by 80%, or denied entirely.  Opp. at 16-17.  The Court agrees that hours billed in this federal case are excessive in light of the straightforward nature of this fee action and the duplicative nature of CLF's filings.

"Courts in this District . . . routinely reduce the hours spent on attorneys' fees litigation when those actions concern only the simple and straightforward issue of the reasonable amount of fees and costs that Plaintiff's attorneys should be paid for prevailing on behalf of the Plaintiff." *J.R.*, 2021 WL 3406370, at *6 (internal quotation marks and citation omitted).  For instance, in *J.R.*, the Court reduced the 82.8 hours counsel had spent on the federal fee action by 25%.  *Id.*  Other courts have similarly reduced hours spent on an attorneys' fees motion by 25%, and sometimes up to 50%.  *See, e.g.*, *M.M.*, 2022 WL 3043218, at *10 (reducing 59.9 hours spent on federal practice by 25%); *B.C. v. N.Y.C. Dep't of Educ.*, No. 21-cv-02840 (ER), 2022 WL 3214374, at *9 (S.D.N.Y. Aug. 9, 2022) (reducing hours spent on federal action by 25%), *remanded on other grounds*, No. 22-1918, 2022 WL 18871861, at *1 (2d Cir. Oct. 12, 2022); *M.D.*, 2021 WL 3030053, at *6 (reducing 76.2 hours Cuddy Law Firm spent on federal action by 50%); *C.L. v. N.Y.C. Dep't of Educ.*, No. 21-cv-07094 (RA), 2022 WL 17156715, at *3-4 (S.D.N.Y. Nov. 22, 2022) (reducing federal action fees by 50%).

In this case, the Court finds that the CLF billed an unreasonable amount of hours on the federal fees action.  *See generally* Cuddy Fed. Bill.  "The legal basis for fee petitions is well-plowed acreage, leaving the task of the attorney to marshal the facts to support the number of hours expended on the underlying matter." *B.B. v. N.Y.C. Dep't of Educ.*, No. 17-cv-04255 (VEC) (SDA), 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018).  Here, the CLF billed ten hours on the brief in support of Plaintiffs' fees petition, but nothing in the instant attorneys' fee motion here presents novel or difficult issues of law.  There is extensive case law that provides a

clear outline of how to proceed with such motions, and the CLF would have ample material and previous examples to draw upon (or even recycle) given that it regularly pursues these types of litigations.  *See D.P.*, 2022 WL 103536, at *14 ("The instant lawsuit was a straightforward claim for attorneys' fees under the IDEA, coupled with a minimal implementation claim. . . . The law in the area is clear, and the briefing raised neither complex issues nor novel claims. Indeed, much of the briefing was recycled from prior CLF submissions."); *R.G.*, 2019 WL 4735050, at *5 ("The 13-page brief discusses no novel questions and contains approximately five pages of boilerplate language about the IDEA, its fee-shifting provision, and Plaintiff's counsel's qualifications – for those reasons, the Court reduces [counsel's] time from 10.5 hours to 6 hours, and Cuddy's time for editing from 3.6 hours to 1 hour.").  In addition, as with the administrative proceeding, there was unreasonable billing for small tasks and for fixing billing records.

Furthermore, Plaintiffs seek reimbursement for 42.5 hours for the instant fee application when the billing for the entire administrative proceeding was 59.3 hours.  Cuddy Decl. ¶ 52.  In gauging reasonable fees, courts also generally "limit awards for time spent litigating an IDEA fee application to a fraction . . . of the time spent on the underlying administrative proceeding." *C.L.*, 2022 WL 17156715, at *3-4 (internal brackets omitted) (quoting *G.T. v. N.Y.C. Dep't of Educ.*, No. 18-cv-11262 (GDB) (BCM), 2020 WL 1516403, at *10 (S.D.N.Y. Feb. 12, 2020)), *report and recommendation adopted*, 2020 WL 1503508 (S.D.N.Y. Mar. 30, 2020)); *see id.* at *4 (noting that awards for fee applications have "ranged between 8% and 24% of the award for time spent on the case itself" in this District (quoting *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 371 (S.D.N.Y. 2018))).

For all of these reasons, the Court finds that the hours billed to the federal action are excessive, and a reduction of 25% is warranted.  Thus, the Court determines that the following fees for the federal action are reasonable:

| Federal Proceeding: Attorneys' Awarded Fees & Hours | | | |
|---|---|---|---|
| Timekeeper | Rate | Hours | Total |
| Andrew Cuddy | $380 | 1.575 | $598.50 |
| Kevin Mendillo | $300 | 27.6 | $8,280.00 |
| **Total** | | **29.175** | **$8,878.50** |

| Federal Proceeding: Paralegals/Interns' Awarded Fees & Hours | | | |
|---|---|---|---|
| Timekeeper | Rate | Hours | Total |
| Shobna Cuddy | $125 | 2.325 | $290.63 |
| ChinaAnn Reeve | $100 | 0.375 | $37.50 |
| **Total** | | **2.7** | **$328.13** |

After applying the aforementioned reductions, the total amount of reasonable fees incurred by CLF for the administrative hearing and federal action would therefore be $22,559.29.

## III.    Settlement Offer

The Court next considers whether Plaintiffs are entitled to any fees for work performed after December 14, 2022 when a written settlement offer of $27,434.00 was made to Plaintiffs (and rejected on December 16, 2022) because this offer exceeds the reasonable fees determined by this Court.  *See* Opp. at 24; Bowe Decl. ¶¶ 40, 42.

A court may not award attorneys' fees and related costs in an IDEA case "subsequent to the time of a written offer of settlement to a parent if" the court "finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(d)(i).  Therefore, courts will not award fees or costs for work performed after a written settlement offer if "the total fees and costs that the plaintiff was entitled to as of the date of the settlement offer was lower than the DOE's settlement offer."  *C.L. v. N.Y.C. Dep't of Educ.*, No. 21-cv-07094 (RA), 2022 WL 4855583, at *6 (S.D.N.Y. Sept. 29, 2022), *modified on*

*other grounds*, 2022 WL 17156715; *see also R.P.*, 2022 WL 1239860, at *6 (disallowing fees

after the written settlement offer because the total fees and costs that to which the plaintiff was

found to be entitled was lower than the settlement offer).

Based on the foregoing calculations regarding reasonable rates and hours, Plaintiffs

incurred $20,984.29 in fees up until December 14, 2022, the date of the offer.  No dated time

records were provided by the CLF for time billed after the CLF's opening brief was filed on

September 9, 2022.  Based on the description of the work conducted after September 9, 2022

(e.g., analyzing DOE's December 16, 2022 opposition brief, drafting reply brief, engaging in

settlement discussions), the Court presumes that the seven (7) additional hours billed by Mr.

Mendillo concerned items undertaken after the December 14, 2022 settlement offer.  *See* Cuddy

Reply Decl. ¶ 4.  Seven hours of Mr. Mendillo's time spent on the federal action (with a 25%

hours reduction and at a $300 rate) total $1,575.  When this time is subtracted from the Court's

determined $22,559.29 total, the reasonable fees incurred by Plaintiffs before December 14,

2022 are $20,984.29 – considerably less than the DOE's settlement offer of $27,434.

Plaintiffs argue that there was a substantial justification for rejecting the settlement offer

because: (a) they were entitled to a higher fee amount than offered given the complexity of the

matter and prevailing rates; and (b) the waiver language in the offer required Plaintiffs to waive

their right to a claim of interest on the settlement amount and post-judgment interest is important

in ensuring prompt payment by the DOE.  Reply at 6-7.  Neither argument is persuasive.  With

respect to the former argument, the Court has assessed the complexity of this case and the

prevailing rates and disagrees with Plaintiffs' conclusion that they were entitled to a higher

award.  The Court further finds unpersuasive Plaintiffs' argument that they could not accept the

waiver of interest because "it was crucial for CLF to have the remedy of interest available to

hold the Defendant's feet to the fire."  Reply at 7.  In reality, if the DOE were to fail to pay

Plaintiffs within the 90-day statutory period for a municipality to pay all sums due to a settling

plaintiff, *see* N.Y. C.P.L.R. § 5003-a, they could bring an action to seek interest on the settlement

amounts as the CLF has done in other cases.  *See R.P.*, 2022 WL 1239860, at *6 (citing cases

where CLF was awarded interest when DOE failed to pay within ninety days of settlement).

For these reasons, Plaintiffs are only entitled to $20,984.29 in reasonable fees, the

amount incurred by Plaintiffs on or before December 14, 2022.

## IV.    Costs

Plaintiffs also seek reimbursement for $402 in costs from the filing fees.  Br. at 25.

Because the DOE has not objected to these costs, and because these costs are generally

awardable, *see B.C.*, 2022 WL 3214374, at *10 (awarding costs for filing fees and parking), the

Court will award them to Plaintiffs.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion for summary

judgment and awards a total of **$21,386.29** in reasonable attorneys' fees and costs, along with

post-judgment interest.  The Clerk of Court is respectfully directed to enter judgment in

Plaintiffs' favor in the amount of **$21,386.29** with post-judgment interest, terminate all pending

motions, and close the case.

Dated:  August 28, 2023
        New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge